## Case No. 15,773.

### UNITED STATES v. MILLER.

[4 Cranch, C. C. 104.] [1]

Circuit Court, District of Columbia. Dec. Term, 1830.

GAMING—KEEPER OF HOUSE—EVIDENCE.

1. Evidence of the declaration of another person, that he was the guilty person, cannot be given.

2. Evidence that the defendant dealt the cards, at faro, is primâ facie evidence that he kept the house.

Indictment [against Henry Miller] for a nuisance in keeping a public gaming-house.

Mr. Coxe and Mr. Dandridge, for defendant, offered evidence of the declaration of another person, that he was the keeper of the house and gaming-table.

The United States attorney objected, and THE COURT refused to receive the evidence.

## Case No. 15,774.

### UNITED STATES v. MILLER.

[3 Hughes, 553.] [2]

Circuit Court. E. D. Virginia. Jan. 22, 1878.

CONSPIRACY—INDICTMENT AGAINST ONE ONLY.

If an indictment founded upon section 5440 of the Revised Statutes of the United States charges a conspiracy by two or more persons, but is an indictment of one only of such persons, it is good on demurrer.

[Cited in U. S. v. Baugh, 1 Fed. 787; U. S. v. Smith, 40 Fed. 757; Ex parte Wilson, 114 U. S. 425, 5 Sup. Ct. 939.]

[Quoted in People v. Richards, 67 Cal. 421, 7 Pac. 834.]

Information [against Henry Miller] for conspiracy to defraud the United States.

On demurrer to the information for not joining other conspirators as co-conspirators, the court (HUGHES, District Judge) said:

The information is founded upon section 5440. That section makes the conspiring by two or more persons to defraud the government a punishable offence, and declares the commission of any act intended to effect the

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

object of the conspiracy by any one of the conspirators to be a punishable offence in all of them. A preliminary question has been raised on this section 5440, whether it makes the conspiracy to defraud the United States the offence for which it prescribes the punishment named by it, or whether it makes the act committed to "effect the object of the conspiracy" that offence. It is very clear from a critical examination of the language of the section, that the offence created by it is a conspiracy by two or more persons to defraud the United States. See U. S. v. Donau [Case No. 14,983]. It is on this view of the law that the demurrer is founded.

The question raised by the demurrer is, whether the person who is alleged to have committed the act in furtherance of the conspiracy can be indicted separately; that is to say, whether it is not necessary to indict at least two persons charged with engaging in the conspiracy, in order for the prosecution to be valid. There has been much loose writing on this question by some of the authors of textbooks on criminal law, and they have confounded rather than enlightened us with their counsels. We may, therefore, have to cut loose from them, and resort to the authoritative decisions of the courts, and the teachings of reason in the decision of the question before us.

It may be worth while to say that conspiracy is the combination of two or more persons, by concerted action, to accomplish some unlawful purpose, or to accomplish a lawful purpose by some unlawful means. There can, therefore, be no conspiracy except by two or more persons. "If any two or more persons conspire," is the language of the statute upon which the present information is founded. It is, therefore, certainly incumbent upon the prosecution to prove a conspiracy here by two or more persons. The establishment of a conspiracy by proof is essential to a conviction. Nothing is more clearly settled than that the proof must show a conspiracy by two or more persons to do the unlawful act mentioned by the statute, whether or not the indictment be brought against more than one. But whether or not two or more persons must be proceeded against jointly in the same indictment, is another question.

This information charges a conspiracy by three persons, one of whom, Lee, is dead, and another, Gettslick, is already under conviction in this court for an act committed in furtherance of the conspiracy charged. It is not the practice of the government to prosecute any person to conviction for more than one of the same series of offences. Hence there is no indictment here except against Miller, who is the last one of the three persons charged to have conspired to defraud the government who have not been convicted. The particular question arising on the demurrer, therefore, is, will an information against him alone lie without joining Gettslick? There is no doubt that if Gettslick were joined there could be a

severance in the trial of the joint information. Nor is there any doubt that if there are three persons indicted for conspiracy one could be acquitted and the other two convicted; that is to say, that there could be a severance in the verdict. And it is equally clear that if the verdict be severed the judgment of the court upon the verdict must be several. It is true that where three or more are joined in an indictment for conspiracy, and some are acquitted by the jury, and others convicted, on motion for a new trial by one of the convicted, the court, if granting the motion of that one, would order a new trial for all the convicted. But that would be on principles of humanity, leniency, and abundant caution; and not as a matter of strict right. Reg. v. Gompertz, 9 Q. B. Div. 824.

As there may thus be a severance in the trial, in the verdict, and in the judgment, that is to say, in every part of the proceedings except the indictment, we may conclude that there may be also a severance in an indictment for conspiracy, unless there be some reason peculiar to such an indictment plainly making the several proceeding improper. I can see no such reason. It will not do to say that because two at least must be convicted of a conspiracy, and that any one person who should be the only one convicted must be discharged; therefore, two at least must be joined in the indictment. But that same reasoning would forbid the severance of the trial, and deprive any one of the accused of his right to be tried alone. If it be conceded that there may be a severance in the trial of persons jointly indicted for conspiracy, it follows, so far as the reason just alluded to is concerned, that there may likewise be a severance in the indictment. Some of the textwriters say, arbitrarily, that indictments for conspiracy must be joint, but they give no reason, other than the one just stated, for their proposition, and it is difficult to find a reason. I do not think any sufficient reason exists.

We are, therefore, thrown back upon the decisions of the courts, and I do not find any decision requiring that indictments for conspiracy must in all cases be joint. In the case of U. S. v. Cole [Case No. 14,832], there was an indictment of twelve persons named, charging a conspiracy by them and one other person who was alleged to be dead, and there was no averment that any persons other than the thirteen were concerned in the conspiracy. There the court charged the jury, virtually, that if they acquitted all those who were indicted save one, that one would go quit even though they found him guilty. As that indictment did not charge that the persons named and other persons besides conspired, the charge was, of course, strictly in accordance with the law of the case. But that charge of the court does not intimate, and carries no authority for the proposition, that an indictment of each one of those accused persons severally would not have been good.

The case of People v. Mather, 4 Wend. 229, is a celebrated one. The charge of the indictment was of a conspiracy to abduct William Morgan, who was supposed to have revealed the secrets of the Masonic fraternity. The indictment was of Mather alone, and the charge of the indictment was that Mather with "other persons unknown," had conspired etc., although it was a fact that many of the other persons were well known. There the court held that the indictment against Mather alone was good, and there was a conviction, and a new trial was denied. The court said that "in a charge of conspiracy it seems no more necessary to specify the names of the defendant coadjutors than in an indictment for an assault and battery to name others besides the accused who were concerned in the trespass."

In the leading and early case of Rex v. Kinnersley, 1 Strange, 193, the information charged that two named persons, Kinnersley and Moore, had conspired. Moore was not found, and the trial proceeded on the information as against Kinnersley alone. Kinnersley was convicted, and a judgment, after review by certiorari, was given against him, before the arrest and trial of Moore. There was a similar judgment in the case of Rex v. Nicholls, 13 East, 412, in note. There but one of two named conspirators was indicted, the other being dead. There was a verdict of guilty, and on review by certiorari, a judgment of conviction. It was a single indictment.

The latest and best of the text-writers on criminal law, Mr. Bishop, reviewing all the cases, lays it down as his conclusion that there need not be more than a single person made defendant in an indictment for conspiracy. 2 Bish. Cr. Proc. § 186. I think that is a true statement of the law of the subject. But it is essential, as I stated in the beginning, that the information shall charge that two or more conspired, and, of course, it follows that the proof must implicate two or more persons. The language of the statute on which the information now under trial is founded, is that "if two or more persons conspire," etc. Such is the charge in the present information, and I decide very confidently that the information is sufficient in law, and so the demurrer is overruled.